UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cr-00225-MOC-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PATRICK EMANUEL SUTHERLAND, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's pro se Motion for Early Termination of Probation/Supervised Release, (Doc. No. 88), and on defendant's pro se Supplemental Motion for Early Termination of Probation, Supervised Release, (Doc. No. 89).

On October 28, 2016, a federal jury convicted Defendant of three counts of filing false tax returns, in violation of 26 U.S.C. § 7206(1), and one count of obstructing official proceedings, in violation of 18 U.S.C. § 1512(c)(2), following a three day trial. On June 21, 2017, this Court sentenced Defendant to 33 months in prison and 3 years of supervised release. This Court also ordered Defendant to pay restitution of $597,122.

Following his sentence of imprisonment, Defendant began service of his supervised release on March 22, 2019, under the supervision of U.S. Probation Officer Jackie Anderson. Defendant has made regular restitution payments while on supervised release and has an outstanding restitution balance of $547,797 as of October 23, 2020. Defendant filed his motion for early termination on October 13, 2020, and he filed his supplemental motion on October 21, 2020.

On October 23, 2020, the Court ordered the U.S. Attorney and U.S. Probation to respond to Defendant's motion. On October 26, 2020, the U.S. Attorney filed a response, indicating that

1

both the U.S. Attorney and Defendant's supervising officer Jackie Anderson oppose early release.[1] Defendant filed a Reply through counsel on November 13, 2020.

The Court will deny the motion. Defendant's motion is premised on his completion of approximately one-half of his three-year term of supervision and his full compliance with all terms of conditions of supervised release. Furthermore, Defendant states, without evidence, that "his ability to earn a living suffers every additional day he remains on supervised release." Defendant's compliance with the terms of supervised release is not exceptional: it is what is expected. Moreover, continued supervised release will allow the Government to facilitate the collection of the outstanding balances of approximately $547,797 in restitution owed by Defendant. Furthermore, it is the position of U.S. Probation that early termination of supervised release is not appropriate in cases with outstanding restitution. Finally, although Defendant argues in his motion that his ability to work has been affected by supervised release, probation officer Anderson notes that she has generally approved any work-related travel request submitted by Defendant and is unaware of his supervised release impacting his employment in any way.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Early Termination of Probation/Supervised Release, (Doc. No. 88), and defendant's pro se Supplemental Motion for Early Termination of Probation, Supervised Release, (Doc. No. 89), are both **DENIED**.

---

[1] The response states that Probation Officer Anderson concurs that Defendant's risk assessment indicates Low Risk and that Defendant complies with the conditions of supervision. Therefore, Probation has transferred the case to low supervision.

Signed: November 23, 2020

Max O. Cogburn Jr.
United States District Judge